UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-22987-KING/BANDSTRA

**TRECO INTERNATIONAL S.A. and
TRECO INTERNATIONAL LTD.,**

      **Plaintiffs,**

vs.

**RICHARD KROMKA and FRANCOIS
RODRIGUE,**

      **Defendants.**
_____

**ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY
RESTRAINING ORDER WITHOUT NOTICE**

**THIS CAUSE** is before the Court at the United States District Courthouse in Key West, Florida on October 6, 2009 at 1:30 p.m. on the motion of Plaintiffs Treco International S.A. ("Treco International") and Treco International Ltd. ("Treco Ltd.") (collectively "Treco" or "Plaintiffs"), for a Temporary Restraining Order without Notice (DE # 2) filed October 5, 2009.

Plaintiffs' sworn pleadings allege:

    1.    Plaintiff Treco International is a privately-held Panamanian corporation with its principal place of business located in Panama and with a representative office in Zurich, Switzerland.

    2.    Plaintiff Treco Ltd. is a privately-held corporation registered under the laws of Hong Kong with its principal place of business located in Hong Kong. It is the sister corporation of Treco International. Its U.S.-based subsidiary is

1

Treco Networks, LLC, a Delaware corporation.

3. Defendant Richard Kromka ("Kromka") is an individual whose last known address is 50 South Pointe Drive, Apartment 1501, Miami Beach, Florida 33139-7202.

4. Defendant Francois Rodrigue ("Rodrigue") is an individual whose last known address is 3535 Papineau #1513, Montreal, Quebec, H2K 4J9 Canada.

5. Plaintiffs are business partners with xG Technology, Inc. ("xG"), a Delaware publicly traded company that is engaged in the development and commercialization of a wireless communications technology known as "xMax." xMax uses the internet to deliver voice and broadband data ("Voice over Internet Protocol," or "VoIP"). Plaintiffs have purchased the exclusive right to deploy a network of base stations within the United States for xG's xMax network and have invested approximately $36,000,000 in xG.

6. Kromka was hired by Treco to serve as its U.S.-based Chief Executive Officer; Rodrigue was hired by Treco to serve as its U.S.-based Chief Operating Officer. Both Kromka and Rodrigue were hired by Treco to develop Treco's equity and investment in xG by developing, expanding, and monetizing the rights that Treco acquired from xG.

Preliminarily, Plaintiffs' Verified Complaint and supporting Motion and Declarations demonstrate that immediate and irreparable injury, loss, or damage will result to Plaintiffs absent entry of this Order. Both Kromka and Rodrigue appear to have been privy to confidential information about Treco and xG that they obtained and/or

gained access to by virtue of their employment with Treco, including, but not limited to: non-public information about xG and the development, financing, structure, marketing, and technical feasibility of the xMax network that was not known publicly, and that both Treco and xG took steps to protect. The dissemination of this information on a wide scale could make shares in xG Technology susceptible to manipulation, provide competitors insight into xG and the xMax network, or otherwise substantially deplete the value of xG's stock. Plaintiffs allege that this, in turn, would damage irreparably Treco's substantial investment in xG.

Defendants Kromka and Rodrigue were not given notice of the October 6, 2009 hearing on Plaintiffs' Motion for a Temporary Restraining Order without Notice. The Court finds that this Temporary Restraining Order should issue.

The Court also finds that based on the preliminary record:

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this is a civil action between citizens of a State and a citizen or subject of a foreign state. Moreover, the amount in controversy well exceeds $75,000, exclusive of attorney' fees, costs and interest.

2. This Court has personal jurisdiction over Defendants because they resided in this judicial district at all times material to this action; they operated, conducted, engaged in, or carried on a business or business venture in this district; there is the requisite nexus between the business and this action; and because they engage in substantial and not isolated activity within this district.

Based on the foregoing preliminary findings of fact and law, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for a Temporary Restraining Order without Notice (**DE # 2**) be, and the same, is hereby **GRANTED** in part.

2. The following definitions apply to this Order:

    (a) The term "Documents" shall include any hard copy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

    (b) The term "Treco Confidential Information" shall mean Documents (including electronically stored information) that Defendants created, obtained and/or gained access to by virtue of their employment with Treco, including, but not limited to, confidential and proprietary information and trade secrets belonging to Treco's business partner, xG.

3. Defendants Kromka and Rodrigue, and their agents, servants, and employees, as well as any entities and individuals who are acting in concert or participation with them (collectively "Defendants"), are hereby **RESTRAINED AND ENJOINED** as follows pending further order of the Court:

    (a) Defendants shall not, directly or indirectly, use, disclose, or in any way exploit Treco Confidential Information.

    (b) Defendants shall not, directly or indirectly, destroy: (i) any

4

Documents containing Treco Confidential Information, including, but not limited to, information relating to xG; (ii) any Documents referring or relating in any way to any potential funding sources of a deployment of any xG technology, including, but not limited to, Beechtree and communications between Defendants and Beechtree; (iii) any Documents stored on any of Defendants' home and business computers (including laptops and desktops), memory devices, mobile telephones, other wireless communication devices, and/or any other electronic data storage media; (iv) any computer servers, or e-mails or other data on those servers, used to carry out any business during Defendants' employment and/or consulting relationship with Treco and/or xG.

(c) Defendants shall not change any account access passwords for any e-mail or text message addresses used by Kromka and/or Rodrigue during the period November 10, 2008 to the present, including, but not limited to, account access passwords for the following e-mail addresses: rkromka@aol.com; frodrigue@strategycompliance.com; and francois.rodrigue@rodericus.com.

(d) Defendants shall not, directly or indirectly, invest in or associate in any way with xG or the xMax network.

(e) Defendants shall not, directly or indirectly, purchase any shares of xG stock or trade or transact in any way related to shares of xG stock, or induce or encourage others to do same.

4. Defendants Kromka and Rodrigue, and their agents, servants, and employees, as well as any entities and individuals who are acting in concert or

participation with them, are hereby **DIRECTED** to immediately return to Plaintiffs any and all of Treco's property and other Documents in their possession, custody, or control containing Treco Confidential Information.

5. All parties shall come before this Court at the James Lawrence King Federal Courthouse, 11th Floor, Courtroom 2, in Miami, Florida, on **Wednesday, the 14th day of October 2009**, at **9:30 a.m.**, for an Evidentiary Preliminary Injunction Hearing.

6. Plaintiffs shall secure this temporary restraining order with a bond in the amount of $ 200,000.

7. The Court will be amiable for an immediate hearing to consider any motions to dissolve this Restraining Order.

**DONE AND ORDERED** in Chambers at the United States District Courthouse for the Southern District of Florida in Key West, Florida, this 7th day of October, 2009.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   *Counsel for Plaintiffs*:

April Lynn Boyer, Esq.
K&L Gates LLP
Wachovia Financial Center Suite 3900
200 S Biscayne Boulevard
Miami, FL 33131-2399
305-539-3380

Robert Clayton Leitner , II, Esq.
K&L Gates LLP
Wachovia Financial Center Suite 3900
200 S Biscayne Boulevard
Miami , FL 33131-2399
305-539-3300